IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD E. DAY *and* AGNITA DAY, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 19-1383 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Pending before the Court are Defendant's Motion to Enforce Settlement Agreement, (Doc. 16), Petition by Plaintiffs' Counsel to Protect Attorney's Fee and Costs, (Doc. 22), and Petition by Plaintiff's [sic] not to Protect Previous Attorney's Fee, Cost, or Enforce, (Doc. 27). The Court held a telephonic hearing on the pending motions on July 7, 2020. Plaintiffs Edward Day and Agnita Day appeared on their own behalf, and their former counsel,[1] Christopher Halesey, appeared on behalf of himself and his firm. Brook Dirlam appeared on behalf of Defendant.

As a preliminary matter, all participants at the hearing confirmed both that the case has been settled and that it had been settled for $30,000. (See also Doc. 22 at ¶ 23; Doc. 16-4 and 22-4.) Thus, Defendant's Motion to Enforce Settlement Agreement will be granted.

The only issue for resolution by the Court, therefore, relates to how the settlement proceeds should be allocated between the Days and Mr. Halesey. The Days contend that they did not know Mr. Halesey's costs would be deducted from the settlement amount. They also

---

[1] Mr. Halesey filed multiple motions to withdraw his appearance on behalf of Plaintiffs, (Docs. 20, 23, and 24). On June 30, 2020, the Court granted Mr. Halesey's request to withdraw his appearance. (Doc. 26.)

assert that Mr. Halesey did not have their permission to settle the case unless they would net at least $20,000 of the proceeds.  The record does not support either contention.

First, the Power of Attorney and Contingent Fee Agreement ("Fee Agreement") Mr. Day signed, specifically states that in "the event of a recovery, the client agrees that any litigation costs advanced by my attorneys will be deducted from the client's recovery after deduction of attorney's fees."  (Doc. 22-1.)  Mr. Day confirmed that he signed this agreement.  (Compare Doc. 22-1 with Doc. 24-6 at 2, Doc. 27 at 7.)  Plaintiffs are obligated under this Fee Agreement to pay such costs.

Second, consistent with Mr. Halesey's position, the Days explicitly stated in a letter to Mr. Dirlam: "My wife and I decided to go with the mediators [sic] (Harry's) advice last month and settle the case for $30,000."  (Doc. 22-4.)  This admission is dispositive of the Days' second contention, as it is inconsistent with any suggestion that they had not settled (or would not settle) their case because they had not netted a particular amount—a suggestion the Court does not find credible in light of the evidence in any event.

What is clear from the hearing and the submissions is that Mr. Halesey negotiated a settlement with Defendant on behalf of the Days and made every effort to maximize the Days' net recovery.  (See Doc. 22 at ¶¶ 5–10.)  Once the case was settled, the Days apparently believed that they could maximize their recovery even more if Mr. Halesey was not in the picture.  But, Mr. Halesey was very much in the picture, and the Fee Agreement between his firm and the Days requires that the firm be paid what it is owed.

Therefore, it is ORDERED that:  Defendant's Motion to Enforce Settlement Agreement, (Doc. 16), is GRANTED; Petition by Plaintiffs' Counsel to Protect Attorney's Fee and Costs, (Doc. 22), is GRANTED; and Petition by Plaintiff's [sic] not to Protect Previous Attorney's Fee,

3

Cost, or Enforce, (Doc. 27), is DENIED.  Plaintiffs shall comply with the terms of the Settlement Agreement and with the terms of the Fee Agreement in this matter.  All settlement proceeds must be allocated in accordance with the terms of both agreements.

    IT IS SO ORDERED.

July 8, 2020                                    s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. Mail):

Edward & Agnita Day
206 N. Second Street
Jeannette, PA 15644